Donald Robin LEACH,
Plaintiff–Appellee,

v.

Correctional Officers LOWE, Drew,
Schroeder, and Haws; Tom Carey,
Warden, Defendants–Appellants.

No. 04–16815.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 18, 2006.*

Filed Nov. 8, 2006.

Donald Robin Leach, Delano, CA, pro
se.

James E. Flynn, Esq., AGCA–Office of
the California Attorney General, Sacra-
mento, CA, for Defendants–Appellants.

Before: HAWKINS and THOMAS,
Circuit Judges, and MILLER,** District
Judge.

MEMORANDUM.***

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** The Honorable Jeffrey T. Miller, United
States District Judge for the Southern District
of California, sitting by designation.

*** This disposition is not appropriate for publi-

Appellants Carey, Drew, Schroeder, and Haws (collectively "Appellants") challenge the denial of summary judgment on qualified immunity grounds. Appellee Donald R. Leach ("Leach") alleges that Appellants violated 42 U.S.C. § 1983 when they failed to remove him from the general inmate population when forewarned of an assault against him. Viewing the evidence in the light most favorable to Leach, we must determine de novo whether there are any genuine issues of material fact and whether the district court correctly applied qualified immunity principles. *See Bingham v. City of Manhattan Beach,* 341 F.3d 939, 945 (9th Cir.2003). We affirm in part, vacate in part, and remand for further consideration of whether the constitutional right at issue was clearly established for qualified immunity purposes.

A two-step approach applies to qualified immunity issues. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1060 (9th Cir.2006). First, the court considers whether the facts alleged show the officer's conduct violated a constitutional right; and second, whether the right was clearly established. *See Saucier,* 533 U.S. at 201, 121 S.Ct. 2151; *Kennedy,* 439 F.3d at 1060.

■ We affirm the district court's determination that genuine issues of material fact preclude entry of summary judgment on whether Appellants' conduct violated the Eighth Amendment. Whether Appellants acted with deliberate indifference in not removing Leach from the general inmate population once they learned of a potential assault on Leach is a question of fact precluding entry of summary judgment in favor of Appellants. There is a further genuine issue of material fact as to whether Warden Carey even knew of the

threat to Leach's safety, notwithstanding the fact that a memorandum may have been authored by Appellant Drew in Warden Carey's name.

To determine whether the right was clearly established the court must determine, "in light of the specific context of the case" whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 201–02, 121 S.Ct. 2151; *Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th Cir.2001). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier,* 533 U.S. at 202, 121 S.Ct. 2151. This is true even if Appellants did violate Leach's Eighth Amendment rights. Conversely, where "various courts have agreed that certain conduct is a constitutional violation under facts not distinguishable in a fair way from the facts presented in the case at hand," the officers would not be entitled to summary judgment. *Id.*

■ Here, the district court only looked to the general nature of the right and concluded that it was clearly established "that failing to remove an inmate that was potentially subject to an immediate attack by another inmate would pose a substantial risk of serious harm." The particularized inquiry at issue is whether, at the time Appellants were investigating the potential threat to Leach, Appellants violated a clearly established constitutional right by not immediately and preemptively removing Leach from the general prison population. We remand for the district court to determine whether there existed any analogous facts, circumstances or authority for the proposition that Appellants should have reasonably known under the circum-

cation and may not be cited to or by the courts of this circuit except as provided by

Ninth Circuit Rule 36–3.

stances that they were violating Leach's constitutional rights. *See Hope v. Pelzer,* 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (the unlawfulness of a clearly established right must be apparent from existing authorities); *Saucier,* 533 U.S. at 202, 121 S.Ct. 2151; *Kennedy,* 439 F.3d at 1065–66.

In sum, we affirm the denial of summary judgment on whether Leach established a constitutional violation, vacate the denial of summary judgment on qualified immunity grounds, and remand for a determination of whether, under the specifics of this case, it would have been clear to a reasonable officer that the conduct at issue violated a clearly established constitutional right.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.** Each party shall bear its own costs on appeal.